UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CR-320-BO
NO. 5:14-CV-292-BO

| | |
|---|---|
| TONYA LONG, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **ORDER** |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 36]. The government has moved to dismiss petitioner's motion [DE 40]. For the following reasons, the government's motion to dismiss is GRANTED and Petitioner's § 2255 motion is DISMISSED.

## BACKGROUND

On October 24, 2012, petitioner pled guilty, pursuant to a written plea agreement, to one count of bulk cash smuggling and aiding and abetting the same, in violation of 31 U.S.C. § 5332 and 18 U.S.C. § 2. On March 4, 2013, the Court sentenced petitioner to 60 months' imprisonment, the statutory maximum sentence under § 5332. [DE 25, 26]. During sentencing, the Court denied the government's motion for a downward departure based on substantial assistance. Judgment was entered on March 12, 2013. [DE 26]. Petitioner did not file an appeal.

On April 7, 2014, petitioner filed a motion to appoint new counsel and a motion for extension of time to file a § 2255 petition. [DE 34]. On April 18, 2014, the Court gave notice of its intent to construe the motion as one brought under § 2255. [DE 35]. On May 21, 2014,

petitioner filed the instant § 2255 motion in response to the Court's order. [DE 36]. The government then filed its motion to dismiss on July 1, 2014. [DE 40].

## **DISCUSSION**

The government contends that the Court should dismiss petitioner's motion as untimely under 28 U.S.C. § 2255(f). A motion under § 2255 must be filed within one year of the latest of four triggering events: (1) the date the judgment of conviction becomes final, (2) the date on which an impediment to making a motion that is created by the government is removed, (3) the date the Supreme Court initially recognizes a right that is made retroactively applicable to cases on collateral review, or (4) the date on which new facts are discovered through the exercise of due diligence to support a claim. 28 U.S.C. § 2255(f)(1)-(4).

Petitioner first filed her motion that was converted into a § 2255 petition on April 7, 2013. The date her conviction became final was March 26, 2013, 14 days after its entry. FED. R. APP. P. 4(b)(1)(A); *United States v. Osborne*, 452 F. App'x 294, 295 (4th Cir. 2011) (unpublished). Therefore, petitioner needed to file her § 2255 motion on or before March 26, 2014. This, petitioner clearly did not do. Even giving petitioner the benefit of the date she gave to her letter, March 31, 2014, her motion is still untimely.

Petitioner argues that equitable tolling should prevent her motion from being dismissed as untimely. In order to be eligible for equitable tolling, the movant must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented the timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is only appropriate "in those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Green v. Johnson*, 515 F.3d 290, 304 (4th Cir. 2008). The Fourth

2

Circuit has also emphasized that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).

Notwithstanding this case law, petitioner argues that her attorney's conduct – in his failure to correspond with her after sentencing and his advice to refrain from appealing lest she upset the Court – rises to the level of an "extraordinary circumstance" thereby triggering equitable tolling here. Considering the facts as presented in petitioner's petition and her arguments in her memoranda, the Court finds that the attorney's behavior here did not rise to the level of an extraordinary circumstance that triggers equitable tolling. Petitioner complains that her attorney did not return any of her phone calls made between February 19, 2014 and March 6, 2014 and did not respond to her letters sent in August 2013 and February 2014. This, she claims, evidences her attorney's failure to provide competent legal work and his violation of the Rules of Professional Conduct. However, petitioner has no right to appointed counsel to assist her in pursuing a § 2255 motion, and a there is only a statutory right to appointed counsel "if an evidentiary hearing is required." *United States v. McClaren*, 112 F.3d 511, *1 (4th Cir. 1997) (per curiam) (citation omitted). Therefore, petitioner cannot rely on her appointed counsel's inaction on her habeas claim to support a finding of an extraordinary circumstance triggering equitable tolling. It is clear from her petition that she knew she had not appealed, and it was incumbent upon her to learn about filing a habeas claim under § 2255 and the associated requirements on her own.

As petitioner's § 2255 motion is untimely under 28 U.S.C. § 2255(f)(1) and equitable tolling does not apply, petitioner's motion is properly dismissed as untimely.

3

Case 5:12-cr-00320-BO   Document 44   Filed 08/25/14   Page 3 of 4

## CERTIFICATE OF APPEALABLITY

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined that petitioner is not entitled to relief and the government is entitled to dismissal of the petition, the Court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition. After reviewing the claims presented in the petition in light of the applicable standard, the Court finds that the petitioner's claims are not deserving of encouragement to proceed further. This Court hereby DENIES petitioner a certificate of appealability.

## CONCLUSION

For the reasons stated above, the government's motion is GRANTED and the petitioner's motion pursuant to 28 U.S.C. § 2255 is DISMISSED. The petitioner is DENIED a certificate of appealability.

SO ORDERED,

this _25_ day of August, 2014.

*[signature: Terrence Boyle]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4